**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Elmer Cuevas** |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name |
| Case number (If known) | **21-40703-EJC** |

☑ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:
    ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☑ does not value claim(s) that secures collateral.

    (c) This plan:
    ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**150.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____% ☐ Debtor 2 _____%

    ☑ Direct to the Trustee for the following reason(s):
      ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
      ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    (c) Additional Payments of $**0.00** (estimated amount) will be made on _____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | Elmer Cuevas | | Case number | |
|---|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY TRUSTEE OR DEBTOR(S) | MONTH OF FIRST POST PETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Planet Home Lending, LLC | 1416 RANDEE DR Savannah, GA 31406 | Yes | Debtor | DECEMBER 2021 | $696.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| Planet Home Lending, LLC | 1416 RANDEE DR Savannah, GA 31406 | Yes | 22,611.36 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

 (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

 (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

 (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

 (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

 (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

 (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

 (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

 ☐ with interest at ____% per annum; or ☐ without interest:
 None

 (h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**100.00**, whichever is greater.

| Debtor | Elmer Cuevas | Case number | |
|---|---|---|---|

5. **Executory Contracts.**
   (a) Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| SHARLOTTE FREEMAN | 7 HUMMER CT<br>SAVANNAH, GA 31405 |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

| Debtor | Elmer Cuevas | Case number | |
|---|---|---|---|

15. Nonstandard Provisions. Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**THE DEBTOR(S) AGREE TO INCREASE PLAN PAYMENT, IF NECESSARY, TO COMPLY WITH 11 U.S.C. 1325 AND 1328. ANY FEES, EXPENSES AND CHARGES ASSERTED UNDER FED. R. BANKR. P. 3002(c) ARE NOT TO BE FUNDED THROUGH THE CHAPTER 13 PLAN. DEBTOR(S) WILL PAY THESE POST-PETITION EXPENSES DIRECTLY TO THEIR MORTGAGE HOLDER/SERVICER UNLESS THE COURT HAS DISALLOWED THEM ON A MOTION FILED UNDER FED. R. BANKR. P. 3002(e).**

**THE DEBT OWED TO ONEMAIN FINANCIAL SHALL BE PAID OUTSIDE THE CHAPTER 13 BY THE CO-SIGNER.**

**THE STUDENT LOAN SHALL BE PAID OUTSIDE THE CHAPTER 13 BY A 3RD PARTY.**

**THE PROPERTY LOCATED AT 1416 RANDEE DRIVE, SAVANNAH, GA SHALL BE MARKETED FOR SALE. ALL LIENS AND ENCUMBRANCES AND COST OF THE SALE SHALL BE SATISFIED FROM THE SALES PROCEEDS. ANY REMAINING NON-EXEMPT NET PROCEEDS SHALL BE REMITTED TO THE CHAPTER 13 TRUSTEE.**

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: January 7, 2022

/s/ Elmer Cuevas
Elmer Cuevas
*Debtor 1*

*Debtor 2*

/s/ BARBARA B. BRAZIEL
BARBARA B. BRAZIEL
*Attorney for the Debtor(s)*

GASB - Form 113 December 1, 2017

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

## United States Bankruptcy Court
### Southern District of Georgia

In re  **Elmer Cuevas**                                                                 Case No.  **21-40703**
                                         Debtor(s)                                       Chapter    **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **January 7, 2022**, a copy of **Amended Chapter 13 Plan & Motion** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**O. BYRON MEREDITH III**
**CHAPTER 13 TRUSTEE**
**P.O. BOX 10556**
**SAVANNAH, GA 31412**

                                                    /s/ BARBARA B. BRAZIEL
                                                    BARBARA B. BRAZIEL
                                                    BARBARA B. BRAZIEL
                                                    6555 ABERCORN ST.
                                                    SUITE 105
                                                    SAVANNAH, GA 31405
                                                    912-351-9000Fax:912-692-0768
                                                    ecf@braziellaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113J-4<br>Case 21-40703-EJC<br>Southern District of Georgia<br>Savannah<br>Fri Jan  7 08:16:46 EST 2022 | Barbara B. Braziel<br>6555 Abercorn Street, Ste. 105<br>Savannah, GA 31405-5721 | Caine & Weiner<br>Attn: Bankruptcy<br>5805 Sepulveda Blvd<br>Sherman Oaks CA 91411-2546 |
| Lisa F. Caplan<br>Rubin Lublin, LLC<br>3145 Avalon Ridge Place, Suite 100<br>Peachtree Corners, GA 30071-1570 | Chase Auto Finance<br>Attn: Bankruptcy<br>Po Box 901076<br>Fort Worth TX 76101-2076 | Elmer Cuevas<br>1416 Randee Dr<br>Savannah, GA 31406-6126 |
| (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Georgia's Own Credit<br>Attn: Bankruptcy<br>Po Box 105205<br>Atlanta GA 30348-5205 | Laura Ann Grifka<br>McMichael Taylor Gray, LLC<br>3550 Engineering Drive, Ste 260<br>Peachtree Corners, GA 30092-2871 |
| I C System<br>Attn: Bankruptcy<br>444 Highway 96 East<br>Saint Paul MN 55127-2557 | INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>Philadelphia PA 19101-7346 | Lanier Collection Agency<br>Attn: Bankruptcy<br>18 Park Of Commerce Blvd<br>Savannah GA 31405-7410 |
| MEMORIAL HEALTH UNIV MED CTR<br>P.O. BOX 23089<br>Savannah GA 31403-3089 | Memorial Savannah<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 | O. Byron Meredith, III<br>P O Box 10556<br>Savannah, GA 31412-0756 |
| ONEMAIN FINANCIAL<br>ATTN: BANKRUPTCY<br>P.O. BOX 3251<br>Evansville IN 47731-3251 | Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638 | Planet Home Lending, LLC<br>321 Research Parkway<br>Suite 303<br>Meriden CT 06450-8342 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | RUBIN LUBLIN, LLC<br>3145 AVALON RIDGE PLACE<br>SUITE 100<br>Norcross GA 30071-1570 | SHARLOTTE FREEMAN<br>7 HUMMER COURT<br>Savannah GA 31405-9468 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Synchrony Bank c/o PRA Receivables Managemen<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (p)U S  ATTORNEY'S OFFICE<br>P O BOX 8970<br>SAVANNAH GA 31412-8970 |
| UNITED STATES DEPARTMENT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON, WI 53708-8973 | Us Dept Of Ed/glelsi<br>2401 International Lane<br>Madison WI 53704-3121 | VETERANS ADMINISTRATION<br>OFFICE OF REGIONAL COUNSEL<br>1700 CLAIRMONT ROAD<br>Decatur GA 30033-4032 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| GEORGIA DEPT OF REVENUE<br>ARCS - BANKRUPTCY<br>1800 CENTURY BLVD, NE, SUITE 9100<br>Atlanta GA 30345 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 | U. S. ATTORNEY'S OFFICE<br>P.O. BOX 8970<br>Savannah GA 31412 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Planet Home Lending, LLC | (u)U.S. Bank National Association c/o Rushmor | (u)U.S. Bank National Association not in its |

End of Label Matrix
Mailable recipients    26
Bypassed recipients     3
Total                  29